United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>GUILLERMO A. MENESES, MARIA INEZ MENESES; DOES 1 TO 10 INCLUSIVE,<br><br>    Defendants.<br>_____/ | No. C 14-0791 MMC<br><br>**ORDER DIRECTING DEFENDANTS GUILLERMO A. MENESES AND MARIA INEZ MENESES TO SHOW CAUSE WHY COURT SHOULD NOT IMPOSE PRE-FILING ORDER** |

By separate order filed concurrently herewith, the Court has remanded to state court the complaint filed by plaintiff U.S. Bank National Association ("U.S. Bank") against defendants Guillermo A. Meneses and Maria Inez Meneses. The instant action constitutes the second attempt by defendants to remove U.S. Bank's complaint from state court to federal court. Under such circumstances, and for the reasons set forth below, it appears appropriate that the Court impose upon defendants sanctions in the form of a pre-filing order restricting their ability to further remove U.S. Bank's complaint.

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, district courts

have "the inherent power to enter pre-filing orders against vexatious litigants."  See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  Before imposing a pre-filing order, a district court must provide the litigant with "adequate notice and a chance to be heard," identify the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined," make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered."  See De Long, 912 F.2d at 1147-48 (internal quotation and citation omitted).

Here, U.S. Bank's complaint alleges a single state law claim, specifically, a claim for unlawful detainer.  In its complaint, filed September 17, 2013 in state court, U.S. Bank alleges that it owns certain real property in Belmont, California, that on August 20, 2013, it caused defendants to be served a notice to vacate, and that, to date, defendants have refused to vacate the premises.  U.S. Bank seeks an order granting it possession of the property, as well as monetary relief in an amount not to exceed $10,000.

As noted, defendants have filed two notices of removal of U.S. Bank's complaint, first, on November 8, 2013 and then again on February 21, 2014.  The two notices of removal were assigned, respectively, Civil Case No. 13-5204 and Civil Case No. 14-0791.

In their first notice of removal, defendants asserted the Court has diversity jurisdiction over U.S. Bank's complaint.  By order filed December 3, 2013, the Court remanded the action, finding the removal was substantively improper, because defendants had failed to show, and could not show, the requisite amount in controversy.

Undeterred by the prior order of remand, defendants filed the instant notice of removal.  In said notice, defendants, without identifying any change in circumstances, repeated the same grounds set forth in their first notice of removal, specifically, that the Court had diversity jurisdiction over the complaint.  By order filed concurrently herewith, the Court has again remanded U.S. Bank's complaint, for the reason that the sole grounds stated in the second notice of removal had been expressly rejected by the Court when it remanded the complaint on December 3, 2013.

In light of the above, the Court finds defendants' filing of the second notice of removal was frivolous, in bad faith, and made solely to delay the state court's rendering of a decision on the merits of the unlawful detainer proceeding.  As noted, the second notice of removal was based entirely on grounds that already had been rejected by the Court, and, consequently, defendants lacked any good faith belief that a district court was the proper forum to hear the merits of the unlawful detainer proceeding.

The Court further finds it is highly likely that defendants, in the absence of the imposition of sanctions as proposed herein, will file a third notice of removal, as part of their ongoing attempt to avoid any determination of the merits of the unlawful detainer proceeding in its proper forum.

Having considered the relevant case authority, and given the record described above, the Court finds the imposition of sanctions are appropriate, and, specifically, that defendants be subject to a pre-filing order that will not allow them to file, without advance approval of the Duty Judge, a notice of removal of the matter titled U.S. Bank National Association v. Meneses, et al., filed in the Superior Court of California, County of San Mateo, Case No. CLJ208509.

Accordingly, Guillermo A. Meneses and Maria Inez Meneses are hereby ORDERED TO SHOW CAUSE, in writing and no later than Wednesday, March 12, 2014, why such pre-filing order should not be issued.  As of March 12, 2014, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated:  February 28, 2014

_____
MAXINE M. CHESNEY
United States District Judge